UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DELANE HARRISON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>BELL GLOBAL SERVICES LLC,<br><br>Defendant. | Docket No. 2:24-cv-10399<br><br>**CLASS ACTION COMPLAINT**<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Delane Harrison ("Plaintiff"), brings this Class Action Complaint by and through her attorneys, Stein Saks, PLLC, against Defendant Bell Global Services LLC ("Defendant"), individually and on behalf of all others similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

### INTRODUCTION/PRELIMINARY STATEMENT

1. The Fair Debt Collection Practices Act ("FDCPA" or "Act") was enacted in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). The Act was promulgated because of the concern that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." Id. It concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." 15 U.S.C. § 1692(e). After determining that the existing consumer protection laws were inadequate, 15 U.S.C. § 1692(b), the Act gave consumers a private cause of action against debt collectors who fail to comply with the Act. 15 U.S.C. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as well as 15 U.S.C. § 1692 *et seq*.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), being that the acts and transactions occurred in this district, Defendant's principal place of business is located in this district and Defendant transacts business in this district.

## NATURE OF THE ACTION

5. Plaintiff brings this action for damages arising from the Defendant's violations of the FDCPA, 15 U.S.C. § 1692 *et seq*.

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of New Jersey, County of Bergen.

8. At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. § 1692a(3) and as defined under 12 CFR § 1006.2(e).

9. Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA, as well as defined in 12 CFR § 1006.2(i)(1), with an address at 613 Ridge Road, Suite 201, Monmouth Junction, NJ 08852.

10. Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due itself or another.

## CLASS ALLEGATIONS

11. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

12. The Class consists of:

    a.  all individuals with addresses in the State of New Jersey;

    b.  to whom Defendant sent an initial collection letter;

    c.  attempting to collect a consumer debt;

    d.  that stated disputes must be made within thirty (30) days;

    e.  without stating from consumer's "receipt of notice";

    f.  which letter was sent on or after a date one (1) year prior to the filing of this action and on or before November 8, 2024.

    Subclass consists of:

    a.  all individuals with addresses in the State of New Jersey;

    b.  to whom Defendant sent an initial collection letter;

    c.  attempting to collect a consumer debt;

    d.  that within the collection notice there were multiple inconsistencies regarding the writing requirement pursuant to 1692g(a)(3), (4), and (5);

    e.  which letter was sent on or after a date one (1) year prior to the filing of this action and on or before November 8, 2024.

13. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

14. Excluded from the Plaintiff Class is the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and its respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

15. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. §§ 1692d, 1692e, 1692f, and/or 1692g.

16. Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

17. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    a. **Numerosity:** Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

    b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over

any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms **attached as Exhibit A** violate 15 U.S.C. §§1692d, 1692e, 1692f, and/or 1692g.

c. **Typicality:** Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

d. **Adequacy:** Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is

superior to other available methods for the fair and efficient adjudication of the controversy.

19. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

20. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

21. At some time prior to February 26, 2024, Plaintiff allegedly incurred an obligation with TJX Credit Card ("TJX"), arising out of Plaintiff's utilization of TJX's credit card services.

22. The alleged TJX obligation is a "debt" as defined by 15 U.S.C. § 1692a(5) and as defined by 12 CFR § 1006.2(h).

23. TJX is a "creditor" as defined by 15 U.S.C. § 1692a(4) and as defined by 12 CFR § 1006.2(g).

24. Upon information and belief, TJX contracted with Defendant to collect the alleged debt.

25. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family, or household purposes on behalf of creditors using the United States Postal Services, telephone, and internet.

*Violation I Failure to Clearly State Validation Period and Method*

26. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered 1 through 25 above herein with the same force and effect as if the same were set forth at length herein.

27. On or around February 26, 2024, Defendant sent Plaintiff an initial contact notice (the "Letter") regarding the alleged debt owed. *See* Letter attached hereto as **Exhibit A**.

28. When a debt collector solicits payment from a consumer, it must within five days of an initial communication send the consumer a written notice containing:

    (1) The amount of the debt;

    (2) The name of the creditor to whom the debt is owed;

    (3) A statement that unless the consumer, within thirty days **after receipt of the notice** disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

    (4) A statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

    (5) A statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. 15 U.S.C. § 1692g(a).

29. The FDCPA further provides that "if the consumer notifies the debt collector in writing within the thirty day period . . . that the debt, or any portion thereof, is disputed . . . . the debt collector shall cease collection . . . until the debt collector obtains verification of the debt . . . and a copy of such verification is mailed to the consumer by the debt collector." 15 U.S.C. § 1692g(b).

30. Specifically, with regard to section 1692g(a)(3), a debt collection notice must clearly state that the validation period is "thirty (30) days *after receipt of the notice.*" 15 U.S.C. § 1692g(a)(3) (emphasis added).

31. Failure to include the validation period in a clear manner is in violation of 1692g(a)(3).

32. Defendant states, in relevant part:

    Bell Global Services LLC is a debt collector. We are attempting to collect a debt you owe to TJX Credit Card. We will use any information you give us to help collect the debt.

    Call or write to us within 30 days to dispute all or part of the debt. If you do not, we will assume that our information is correct.

    If you write to us within 30 days, we must stop collection on any amount you dispute until we send you information that shows you owe the debt. You may use the form below or write to us without the form.

    *See* **Exhibit A**.

33. Defendant's statement, "Call or write to us within 30 days to dispute all or part of the debt", is ambiguous, misleading, and confusing because Defendant states "within 30 days" and fails to state thirty days *after receipt of the notice* as required pursuant to 1692g(a)(3). The term "within 30 days" without qualifying from Plaintiff's receipt of notice, was ambiguous and misleading, as that can be interpreted as 30 days from the date stated on the notice or 30 days from receipt of the notice.

34. The failure to clearly define this term left the Plaintiff confused as to the actual deadline and unsure of how to proceed.

35. Moreover, on page 2 of the Letter, Defendant states:

    UNLESS YOU, THE CONSUMER, WITHIN THIRTY DAYS AFTER RECEIPT OF THIS NOTICE, DISPUTE THE VALIDITY OF THE DEBT, OR ANY PORTION THEREOF, WE WILL ASSUME THE DEBT TO BE VALID. IF YOU THE CONSUMER NOTIFY US WITHIN THE THIRTY DAY VALIDATION PERIOD THAT THE DEBT, OR ANY PORTION THEREOF, IS DISPUTED, WE WILL OBTAIN VERIFICATION OF THE DEBT OR A COPY OF A JUDGMENT AGAINST YOU, THE

CONSUMER, AND A COPY OF SUCH VERIFICATION OR JUDGMENT WILL BE MAILED TO YOU BY OUR OFFICE.

*See* **Exhibit A**.

36. This opening paragraph on page 2 is misleading on multiple fronts due to material omissions and several inconsistencies with page 1 of the Letter;

    (1) The first sentence of the page 2 paragraph states, "within 30 days after receipt of this notice", which is inconsistent with Defendant's statement on page 1 ("call or write to us within 30 days", failing to state "after receipt of the notice"). *Id.*

    (2) Further, in the second sentence of the page 2 opening paragraph, Defendant fails to include the requirement for Plaintiff to make the dispute in writing, pursuant to § 1692g(a)(4) and (5).

37. A consumer, such as Plaintiff, cannot trust a debt collector, such as Defendant, and the statements made within the debt collector's correspondence, when it appears that the information stated in the debt collector's letter is incorrect, inconsistent, or otherwise misleading, making the consumer question the legitimacy of the debt collector's attempts to collect the alleged debt.

38. It is clear from the misstatements in the Letter, that the Defendant does not want the Plaintiff to have the ability to properly dispute this alleged debt, rather the Defendant wants to Plaintiff to remain in a state of confusion, which is exactly what the law was designed to protect against.

39. The fact that Defendant, on page 1 of the Letter, failed to state the validation period in a clear manner by merely stating "within 30 days" without qualifying from after receipt of notice; on page 2 of the Letter, failing to specify the method of dispute pursuant to 1692g(a)(4) and (5); and the multiple inconsistencies between page 1 and page 2 of the

Letter, shows intentional ambiguousness, lack of professionalism, confusing, misleading, and out of character for a legitimate debt collection.

40. Defendant's inconsistencies and omissions cast a negative shadow over its debt collection practice in general.

41. By Defendant's omission of Plaintiff's requirement to dispute in writing, its intentional ambiguousness of the validation period, and inconsistent statements on the second page of the Letter, Defendant created an ambiguous, confusing, and misleading collection notice which made it difficult for Plaintiff to understand the nature of the subject debt.

42. When they go astray, debt collectors often introduce a tacit element of confusion into their dunning letter to leave the consumer somewhat uninformed.

43. This strategy helps debt collectors to achieve leverage over consumers by keeping key pieces of information away from them.

44. When a consumer is faced with something less than the total story behind owing a debt, they often give up and choose to pay an unwarranted debt to avoid further trouble.

45. Knowing the state of affairs and the swift tricks that debt collectors attempt against consumers, Congress passed laws to protect consumers.

46. One important element of consumer protection revolves around keeping the consumer informed.

47. When a consumer has as much information as the debt collector, they are most capable of handling repayment in full or part, disputing the debt, or otherwise communicating with the debt collector on a more equal playing field with the debt collector.

48. However, when a debt collector withholds key information about a debt from the consumer, they encourage rash decision-making and consumers are left without any power to face the debt collector in a meaningful way.

49. These violations by Defendant were unconscionable, knowing, willful, negligent and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

50. Debt collection notices must state the validation period for the consumer to dispute the debt in a clear manner.

51. The failure to specify within 30 days after Plaintiff's receipt of notice on page 1, the failure to specify the method of dispute on page 2, and the multiple inconsistencies within the Letter, make it appear that the entire letter is just an attempt to improperly extort money from Plaintiff and coerce Plaintiff to pay.

52. Defendant's actions created an appreciable risk of harm to Plaintiff of being unable to properly respond to or handle Defendant's debt collection efforts.

53. Plaintiff's failure to pay the debt arose from the collection Letter itself because Plaintiff believed it was an attempt to collect inaccurate or improper monies.

54. That harm further materialized because Defendant's actions caused Plaintiff to expend time, in reliance on the improper content of the letter and lack of consistent sensible information, to ascertain what her options and possible responses could or should be.

55. Defendant's collection efforts with respect to the alleged debt caused Plaintiff to suffer concrete and particularized harm, *inter alia*, because the FDCPA provides Plaintiff with the legally protected right not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

56. Defendant's deceptive, misleading, and unfair representations and/or omissions with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts because Plaintiff could not adequately or informatively respond to Defendant's demand for payment of this alleged debt.

57. Plaintiff was uncertain about the legitimacy of the Letter and misled to her detriment by the statements and/or omissions in the dunning Letter, and relied on the contents of the Letter to his detriment.

58. Plaintiff would have pursued a different course of action were it not for Defendant's violations.

59. Because of Defendant's actions, the funds Plaintiff could have used to pay all or part of the alleged debt were spent elsewhere.

60. In reliance on the Letter, Plaintiff expended time and money in an effort to mitigate the risk of future financial and reputational harm in the form of the debt collection informational furnishment, and ultimate dissemination, to third parties.

61. Plaintiff's reliance on the Letter, and the resulting inaction/non-payment, caused Defendant's furnishment, and ultimate dissemination, of negative credit reporting to the Plaintiff's financial and reputational detriment.

62. In reliance on the Letter, Plaintiff expended time and money in an effort to mitigate the risk of future financial harm in the form of dominion and control over his funds.

63. Plaintiff was misled and made uncertain to her detriment by the statements and/or omissions in the Letter and relied on the contents of the Letter to her detriment.

64. When a debt collector fails to effectively inform the consumer of their rights and legal status of their debts, in violation of the law, the debt collector has harmed the consumer.

65. As a result of Defendant's deceptive, misleading, unfair, unconscionable, and false debt collection practices, Plaintiff has been damaged.

## COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692d *et seq.*

66. Plaintiff repeats the allegations contained in the above paragraphs numbered 1 through 65 as if set forth herein.

67. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692d.

68. Pursuant to 15 U.S.C. §1692d, a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

69. Defendant violated §1692d:

    a. By failing to clearly state the validation period,

    b. by failing to specify that Plaintiff must dispute the debt in writing pursuant to 1692g(a)(4),

    c. by failing to state the Plaintiff must submit request for information about original creditor *in writing*, and

    d. the multiple ambiguities and inconsistencies contained within the Letter.

70. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692d et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

71. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered 1 through 70 above herein with the same force and effect as if the same were set forth at length herein.

72. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

73. Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

74. Defendant violated §1692e:

    a. As the letter falsely represents the true character and/or legal status of the debt in violation of §1692e(2)(A); and

    b. By making a false and misleading representation/omissions in violation of §1692e(10).

75. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT III
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*

76. Plaintiff repeats the allegations contained in the above paragraphs numbered 1 through 75 as if set forth herein.

77. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

78. Pursuant to 15 U.S.C. §1692f, a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

79. Defendant violated §1692f:

   a. By failing to clearly state the validation period, and stating multiple inconsistencies within the Letter to disadvantage the Plaintiff from making an educated decision regarding the subject debt;

80. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT IV
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692g *et seq.*

81. Plaintiff repeats the allegations contained in the above paragraphs numbered 1 through 80 as if set forth herein.

82. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

83. Pursuant to 15 USC §1692g(a):

   Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall,

unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

1. The amount of the debt;

2. The name of the creditor to whom the debt is owed;

3. A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt-collector;

4. A statement that the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

5. A statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

84. Defendant violated Section 1692g(a) by:

   a. failing to clearly state the validation period by omitting that the 30-day period for Plaintiff to dispute the debt is from the receipt of notice,

   b. stating multiple inconsistencies between page 1 and page 2 of the Letter misleading and confusing the Plaintiff, and

   c. failing to specify that the dispute must be in writing on page 2 of the Letter.

85. Defendant violated Section 1692g(b) by engaging in collection activities and communication during the 30-day period that overshadowed and/or was inconsistent with the disclosure of the consumer's right to dispute the debt.

86. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

87. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Delane Harrison, demands judgment from Defendant as follows:

1. For actual damages provided and pursuant to 15 U.S.C. § 1692k(a)(1);
2. For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(A);
3. For attorney fees and costs provided pursuant to 15 U.S.C. § 1692k(a)(3);
4. For declaratory relief stating that Defendant violated the FDCPA pursuant to 28 U.S.C. § 2201; and
5. For such other and further relief, as well as further costs, expenses, and disbursements of this action as this Court may deem just and proper.

Dated: November 8, 2024

/s/ Yaakov Saks
**Stein Saks, PLLC**
By: Yaakov Saks, Esq.
One University Plaza, Suite 620
Hackensack, NJ 07601
Phone: (201) 282-6500
Fax: (201)-282-6501
ysaks@steinsakslegal.com
*Attorneys for Plaintiff Delane Harrison*