UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
(NEWARK)

| | |
|---|---|
| DELANE HARRISON,<br><br>individually and on behalf of all others similarly situated,<br><br>Plaintiff(s)<br><br>-v.-<br><br>BELL GLOBAL SERVICES, LLC,<br><br><br><br>Defendant(s). | Civil Action No:<br>2:24-cv-10399-EP-JRA |

## **PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**
## **AGAINST BELL GLOBAL SERVICES, LLC**

Plaintiff, Delane Harrison, by and through her attorneys, Stein Saks, PLLC, moves for a Default Judgment against Bell Global Services, LLC, in default for its failure to timely appear and Answer the Complaint. In support thereof, Plaintiff states as follows:

1. The Complaint in this action was filed on November 8, 2024. ECF #1.

2. On December 2, 2024, Defendant Bell Global Services, LLC ("Defendant") was served with the Summons and Complaint. ECF #4.

3. Defendant failed to timely appear and answer the complaint.

4. Plaintiff's First Motion for Clerk's Entry of Default Judgment Pursuant to Fed. R. Civ. P. 55(a) was filed on February 5, 2025. ECF #6.

5. Clerk's Entry of Default Judgment Pursuant to Fed. R. Civ. P. 55(a) was entered on February 6, 2025. ECF Runner at February 6, 2025.

6. On January 10, 2025, prior to the Clerk's Entry of Default Judgment, Defendant had executed a waiver of service, thereby extending its time to answer to March 11, 2025. ECF #7.

7. Defendant failed to timely answer the complaint by March 11, 2025. ECF #8.

8.  To date, no appearance, answer or other responsive pleading has been filed since the Defendant's Waiver of Service which was executed on January 10, 2025. ECF #7.

9.  On May 23, 2025, Plaintiff filed a request for an extension to file the Motion for Default Judgment Pursuant to Fed. R. Civ. P. 55(b). ECF #10.

10. On May 27, 2025, the Court ordered Plaintiff to file a Request for Clerk's Entry of Default Judgment Pursuant to Fed. R. Civ. P. 55(a) by June 4, 2025. ECF #11.

11. Additionally, the Court ordered Plaintiff to file its Motion for Default Judgment Pursuant to Fed. R. Civ. P. 55(b) by June 6, 2024. ECF Runner at May 27, 2025.

12. Therefore, on June 4, 2025, Plaintiff filed a Request for Clerk's Entry of Default pursuant to Fed. R. Civ. P. 55(a). ECF #13.

13. Pursuant to the Court's May 27, 2025 Order, the instant Motion for Default Judgment Pursuant to Fed. R. Civ. P. 55(b) follows.

14. Plaintiff's counsel has attached an affidavit of amounts due to respectfully ask that the Court enter judgment in this amount.

15. Although this case was filed as a putative class action, no class was ever certified.

16. Plaintiff is making this motion on behalf of herself only and upon entry asks that, to the extent necessary, the putative class members be dismissed without prejudice.

WHEREFORE, Plaintiff, Delane Harrison, moves to grant her Motion for Default Judgment against Defendant, Bell Global Services, LLC.

Dated: June 6, 2025

Respectfully submitted,

Stein Saks, PLLC

s/ Joshua Cohen
Joshua Cohen, Esq.
Stein Saks, PLLC

One University Plaza, Suite 620
Hackensack, NJ, 07601
(201) 282-6500

## CERTIFICATE OF SERVICE

Under penalties of perjury the undersigned states that on June 6, 2025, the following documents:

1) Motion for Default Judgment,
2) Memorandum in Support of Entry of Default Judgment,
3) Affidavit of Amount Due, and
4) Proposed Order

Were served on all interested parties in this action by placing a true and correct copy thereof in a sealed envelope, via certified mail, and deposited said envelope in the United States mail.

Bell Global Services, LLC
613 Ridge Road, Suite 200
Monmouth Junction, NJ 08852

                Stein Saks, PLLC

                s/ Joshua Cohen
                Joshua Cohen, Esq.
                Stein Saks, PLLC
                One University Plaza, Suite 620
                Hackensack, NJ, 07601
                (201) 282-6500

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
(NEWARK)

| | |
|---|---|
| DELANE HARRISON, individually and on behalf of all others similarly situated, Plaintiff(s) -v.- BELL GLOBAL SERVICES, LLC, Defendant(s). | Civil Action No.: 2:24-cv-10399-EP-JRA |

AFFIDAVIT OF AMOUNT DUE

I, Joshua Cohen, Esq., pursuant 20 28 U.S.C. § 1746, declare under penalty of perjury that the following is true and correct:

1. I represent Plaintiff, Delane Harrison ("Plaintiff"), in the above-captioned action, and I respectfully submit this Affidavit in support of Plaintiff's Motion for Default Judgment Pursuant to Fed. R. Civ. P. 55(b).

2. As Defendant has defaulted, Plaintiff is entitled to an award of statutory damages of up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A).

3. The attorney's fees and time expended at the following rates:

   a. for Yaakov Saks, Esq. $650.00 per hour

   b. for Joshua Cohen, Esq. $350.00 per hour

   The breakdown of the rates is detailed as follows:

| Employee | Date | Service Rendered | Hourly Rate | Time (Hours) | Fee |
|---|---|---|---|---|---|
| Yaakov Saks | 10/17/2024 | Draft Initiating documents | $650.00 | 2.0 | $1,300.00 |

| | | | | | |
|---|---|---|---|---|---|
| Yaakov Saks | 11/8/2024 | File Complaint via ECF | $650.00 | .3 | $195.00 |
| Yaakov Saks | 11/13/2024 | Prepare and email Service Docs to Process Server | $650.00 | .4 | $260.00 |
| Yaakov Saks | 12/5/2024 | File Proof of Service Docs via ECF | $650.00 | .3 | $195.00 |
| Joshua Cohen | 01/20/2025 | Sent complaint, and waiver to Defendant via email | $350.00 | .2 | $70.00 |
| Joshua Cohen | 2/4/2025 | Draft First Motion for Clerk's Entry of Default | $350.00 | 1.4 | $490.00 |
| Joshua Cohen | 2/5/2025 | Filed First Motion for Clerk's Entry of Default via ECF | $350.00 | .4 | $140.00 |
| Joshua Cohen | 3/26/2025 | Responded to email from defendant | $350.00 | .1 | $35.00 |
| Joshua Cohen | 5/12/2025 | Edited and filed Second Motion for Clerk's Entry of Default via ECF | $350.00 | .6 | $210.00 |
| Joshua Cohen | 5/14/2025 | Drafted Motion for Default Judgment and Supporting Docs | $350.00 | 2.2 | $770.00 |
| Joshua Cohen | 5/16/2025 | Drafted and sent email to Defendant | $350.00 | .2 | $70.00 |
| Joshua Cohen | 5/19/2025 | Call with Defendant | $350.00 | .2 | $70.00 |
| Joshua Cohen | 6/4/25 | Edited and Filed Second Motion for Clerk's Entry of Default via ECF | $350.00 | .6 | $210.00 |
| Joshua Cohen | 6/4/25 | Finished Drafting Motion for Default Judgment and Prepared Affidavit of Time & Expense | $350.00 | 1.0 | $350.00 |
| Joshua Cohen | 6/6/25 | Served Motion for Default Judgment on Defendant via Certified Mail | $350.00 | .3 | $105.00 |
| Joshua Cohen | 6/6/25 | Filed Motion for Default Judgment via ECF | $350.00 | .4 | $140.00 |
| | | **TOTAL ATTORNEYS' FEES** | | | **$4,610.00** |

4.  That the costs for the above captioned case amounted to a total of $522.00. The total costs are detailed as follows:

| Description | Fee |
|---|---|
| Process Server | $75.00 |
| Filing fee(s) | $405.00 |
| Mailing fees | $52.45 |

| **TOTAL COSTS** | **$532.45** |
|---|---|

5.   That the amount due for the claims brought in Plaintiff's complaint is as follows:

- statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A).
- actual damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(1).
- $5,072.45 for attorney fees and costs pursuant to 15 U.S.C. § 1692k(a)(3);

- for such other and further relief as may be just and proper.

6.   That the total amount requested for Defendant's Default is $7,142.45.

Dated: June 6, 2025                                              Respectfully submitted,

                                                                 Stein Saks, PLLC

                                                                 s/ Joshua Cohen
                                                                 Joshua Cohen, Esq.
                                                                 Stein Saks, PLLC
                                                                 One University Plaza, Suite 620
                                                                 Hackensack, NJ, 07601
                                                                 (201) 282-6500

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
(NEWARK)

| | |
|---|---|
| DELANE HARRISON,<br>individually and on behalf of all others similarly situated,<br>            Plaintiff(s)<br><br>   -v.-<br><br>BELL GLOBAL SERVICES, LLC,<br><br><br>            Defendant(s). | Civil Action No.:<br>2:24-cv-10399-EP-JRA |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT PURSUANT TO FED R. CIV. P. 55(b) AGAINST DEFENDANT BELL GLOBAL SERVICES, LLC**

Plaintiff submits this Memorandum of Law in support of her application for an Order of Default Judgment against Defendant Bell Global Services, LLC ("Defendant") and an award of attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3).

**I.    FACTS**

The following facts relevant to this motion are contained in the Court's file. Pursuant to Fed. R. Evid. 201, Plaintiff requests that the court take judicial notice of the following facts or refer to the accompanying affidavit:

Plaintiff filed the Summons and Complaint with the Clerk of Court on November 8, 2024. *See* ECF #1. On December 2, 2024, Plaintiff served Defendant with true and correct copies of the Summons and Complaint through a service of process company, by serving a copy of the Summons and Complaint via personal service on the registered agent for Defendant. *See* ECF #4.

On February 5, 2025, Plaintiff's counsel, Joshua Cohen, Esq. filed an Affidavit in Support of Request for Entry of Default. ECF #6. The Court entered a Clerk's Default on February 6, 2025.

ECF Runner Entry at February 6, 2025. Defendant's Waiver of Service was filed on February 14, 2025, thereby extending the deadline for Defendant to answer to March 11, 2025. ECF #7. Defendant has failed to answer or respond to date. The instant Motion for Default Judgment follows.

## II. ISSUES AND LEGAL ARGUMENT

### A. PLAINTIFF IS ENTITLED TO AN AWARD OF ATTORNEYS' FEES AND COSTS UNDER THE FDCPA

The FDCPA expressly authorizes the recovery of attorney fees and costs to a successful consumer Plaintiff:

> . . .any debt collector who fails to comply with any provision of this subchapter . . . is liable to such person in an amount equal to the sum of - [actual damages] [statutory damages] and
>
> (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court.

15 U.S.C. §1692k(a)(3). The purpose of this fee shifting provision is to attract competent counsel. *Zagorski v. Midwest Billing Services, Inc.*, 128 F.3d 1164, 1167 (7th Cir. 1997). In litigation under the FDCPA, an award of attorney fees is mandatory, not discretionary *Graziano v. Harrison*, 950 F.2d 107, 113 (3rd Cir. 1991). *Piples v. Credit Bureau of Lockport, Inc.*, 886 F.2d 22, 28 (2d Cir. 1989) ("Because the FDCPA was violated, however, the statute requires the award of costs and reasonable attorney's fee…"); *Mace v. Van Ru Credit*, 109 F.3d 338, 344 N.3 (7th Cir. 1997).

An award of attorneys' fees to a successful consumer under the FDCPA is designed to compensate the consumer for his role in privately enforcing the FDCPA. *Tolentino v. Friedman*, 46 F.3d 645, 651 (7th Cir. 1995); *see also Murphy v. Ford Motor Credit Co.*, 629 F.2d 556 (8th Cir. 1980) (Truth in Lending case). Congress clearly intended that the prevailing

consumer would recover his or her reasonable attorney's fees and costs.

> Given the structure of the section, attorney's fees should not be construed as a special or discretionary remedy; rather, the Act **mandates** an award of attorney's fees as a means of fulfilling Congress's intent that the Act should be enforced by debtors acting as private attorneys general.

*Graziano*, 950 F.2d 107, 113 (3d Cir. 1991) (emphasis added). *See also DeJesus v. Banco Popular de Puerto Rico,* 918 F.2d 232, 235 (1st Cir. 1990) (awarding attorney fees under the Truth in Lending Act).

In the instant case, Plaintiff is entitled to an award of attorney's fees and costs, since Plaintiff is the prevailing party. Plaintiff's Complaint alleges violations of the FDCPA 15 U.S.C. § 1692 et seq.

Defendant failed to respond to the Summons and Complaint pursuant to the Fed. R. Civ. P. 5. Accordingly, Defendant is subject to default judgment proceedings pursuant to Fed. R. Civ. P. 55b(2). Plaintiff is entitled to judgment in the amount up to $1,000.00 for statutory damages and $1,000.00 for actual damages against Defendant for the allegations contained in the complaint, and is also therefore a prevailing party entitled to an award of attorney's fees and costs.

Defendant's failure to respond to the Summons and Complaint has provided for the determination of these attorney's fees and costs by the Court, and it is this provision that ultimately brings Plaintiff before this Court.

**B.    ATTORNEY FEES SHOULD BE CALCULATED ACCORDING TO THE LODESTAR FORMULA**

In calculating an award of attorneys' fees, the court must first begin with the "lodestar" figure, which is calculated by multiplying the hours reasonably expended times an allowed hourly rate. *See Hensley v. Eckerhart*, 103 S.Ct. 1933, 1939 (1983) (viewing an award of fees

under 42 U.S.C. §1988). The burden is on the applicant to prove that the fee request is reasonable, with a strong presumption that the lodestar amount represents a fair and appropriate fee award. *Hensley*, 103 S.Ct. at 1941.

Although *Hensley* was decided in the context of a civil rights case, the lodestar analysis is applicable to all cases involving an attorney fee shifting statute. The Supreme Court has previously noted that, "[w]e have stated in the past that fee shifting statutes' similar language is 'a strong indication' that they are to be interpreted alike." *Independent Federation of Flight Attendants v. Zipes*, 491 U.S. 754 (1989) (quoting *Northcross v. Memphis Bd. Of Education*, 412 U.S. 427, 428 (1973)). *See also City of Burlington v. Dague*, 112 S.Ct. 2638, 2641 (1992) (clean water act case applying lodestar analysis); *Simpson v. Sheahan*, 104 F.3d 998, (7th Cir. 1997) (civil rights case); *DeJesus v. Banco Popular de Puerto Rico*, 918 F.2d 232, 234 (1st Cir. 1990) (truth in lending case); *Piekarski v. Home Owners Savings Bank, F.S.B.*, 755 F. Supp. 859, 863 (D. Minn 1991) (retaliatory discharge case).

The determination of the allowable hours rests with the sound discretion of the trial court. *Hensley*, 103 S.Ct. at 1941. A determination of the hourly rate by the trial court should consider a rate "commensurate which [counsel] could obtain by taking other types of cases." *Tolentino*, 46 F.3d 645, 652–653 (7th Cir. 1995).

C. **PROPORTIONALITY IS NOT A PART OF THE COURT'S ANALYSIS IN DETERMINING REASONABLE FEES**

Although the amount of requested attorney's fees is larger than the amount requested for damages, the amount of attorney's fees awarded pursuant to statute is not required to be proportionate to the amount of damages recovered. To the contrary, a trial court abuses its discretion if it applies an impermissible proportionality standard to the fee award.

The U.S. Supreme Court has previously considered the question of proportionality in

attorney fee awards and held:

> We reject the proposition that fee awards under section [42 U.S.C.] 1988 should necessarily be proportionate to the amount of damages a civil rights plaintiff actually recovers.

*City of Riverside v. Rivera*, 477 U.S. 561, 574 (1986). The Court went on to state:

> A rule of proportionality would make it difficult, if not impossible, for individuals with meritorious civil rights claims but relatively small potential damages to obtain redress from the courts. This is totally inconsistent with Congress' purpose in enacting section 1988.

Id., 477 U.S. at 578.

In the context of the Fair Credit Reporting Act, ("FCRA"), the Fourth Circuit stated:

> Proportionality of attorneys' fees to the amount recovered is not required in every action brought pursuant to the FCRA. Since there will rarely be extensive damages in an FCRA action, requiring that attorney's fees be proportionate to the amount recovered would discourage vigorous enforcement of the Act.

*Yoyay v. City of Alexandria Employees Credit Union, Inc*. 827 F.2d 967, 974 (4th Cir. 1987).

Under the FDCPA, the Seventh Circuit has noted that the "cumulative effect of petty violations . . . may not be petty" and thus a case involving a small amount of damages is no justification to deny attorney fees. *Zagorski*, 128 F.3d at 1167 (7th Cir. 1997) (quoting) *Hyde v. Small*, 123 F.3d 583, 585 (7th Cir. 1997).

An exception to the bar against considering proportionality only arises in the recovery of nominal damages. See, e.g. *Farrar v. Hobby*, 506 U.S. 103 (1992) (Plaintiff demanding $17 million dollars but recovering nominal damage of $1.00 is entitled to no attorneys fees under civil rights statute); *Carroll v. Wolpoff & Abramson*, 53 F.3d 626, 630 (4th Cir. 1995); but see *Zagorski v. Midwest Billing Services, Inc.*, 128 F.3d 1164 (7th Cir. 1997) (trial court's denial of attorney fees, after Plaintiff's recovery of $100.00 statutory damages, constituted an abuse of discretion).

Nevertheless, an inadequate or nominal recovery is simply not an issue in the case at hand. In fact, by recovering $1,000.00 in actual damages as well as the maximum $1,000.00 in statutory damages, the Plaintiff has gone beyond a recovery of "nominal" damages and instead has fully vindicated Plaintiff's rights under the FDCPA, and is thereby entitled to a full attorney fee award.

Courts have encountered many examples of fee awards disproportionate to damage awards. *See City of Riverside v. Rivera*, 477 U.S. 561 (1986) ($245,456.25 in attorney fees, $33,350.00 in damages); *Building Service Local 47*, 46 F.3d 1392 (6th Cir. 1995) (ERISA case, $70,185.95 in attorney fees, $25,598.71 in damages); *Northwest Women's Center v. McMonagh*, 889 F.2d 466 (3rd Cir. 1989) (RICO case, over $60,000.00 in attorney fees, $2,661.00 damages); *Duval v. Midwest Auto City, Inc.*, 578 F.2d 721, 726 (8th Cir. 1978) (federal odometer case, over $14,000 attorney fees, $3,000 in damages); *Perez v. Perkiss*, 742 F. Supp. 883 (D.Del. 1990) (FDCPA case, $10,110 in attorney fees, $1,200 damages).

## IV.  CONCLUSION

In the present case, Plaintiff requests an award of $5,142.45 for attorneys' fees and costs ($4,610.00 for attorneys' fees and $532.45 for costs). This request is reasonable and should be allowed. Based upon the lodestar calculation, attorney's fees should be awarded to Plaintiff's counsel for Plaintiff also requests an award of $1,000.00 for statutory damages and $1,000.00 for actual damages.

The total amount requested in judgment against Defendant is $7,142.45 and any additional amount determined by this Court.

WHEREFORE Plaintiff respectfully requests that this Court **GRANT** Plaintiff's Motion for Default Judgment.

Dated: June 6, 2025

                                                Respectfully submitted,

                                                Stein Saks, PLLC

                                                <u>s/ Joshua Cohen</u>
                                                Joshua Cohen, Esq.
                                                Stein Saks, PLLC
                                                One University Plaza, Suite 620
                                                Hackensack, NJ, 07601
                                                (201) 282-6500

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
(NEWARK)

| | |
|---|---|
| DELANE HARRISON,<br><br>individually and on behalf of all others similarly situated,<br><br>Plaintiff(s)<br><br>-v.-<br><br>BELL GLOBAL SERVICES, LLC,<br><br><br>Defendant(s). | Civil Action No.:<br>2:24-cv-10399-EP-JRA |

**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT**

Upon the Plaintiff's motion for entry of default judgment against Defendant, Bell Global Services, LLC, the Court makes the following findings of fact and conclusions of law:

**Findings of Fact**

1. The Defaulted Defendant, Bell Global Services, LLC, were properly served with a summons and complaint, but have failed to answer or otherwise respond in the time permitted by law and this Court.

2. The Defaulted Defendant, Bell Global Services, LLC, is a debt collector as defined by 15 U.S.C. § 1692(a)(6).

3. The Plaintiff, Delane Harrison, is a consumer as defined by 15 U.S.C. § 1692(a)(3).

4. The Defaulted Defendant, Bell Global Services, LLC, attempted to collect a debt from Plaintiff, arising from a purported obligation that required Plaintiff to pay money arising out of a transaction in which money, property, insurance, or services were the subject thereof and the same were primarily for personal, family or household purposes, the debt, as defined by 15 U.S.C. 1692(a)(5).

5. The Defaulted Defendant, Bell Global Services, LLC, violated the Fair Debt Collection Practices Act by sending Plaintiff a collection letter that was confusing and deceptive.

6. The letter stated that the Plaintiff's dispute must be made within thirty (30) days without stating from consumer's "receipt of notice." See Complaint ECF 1, ¶¶ 27-34.

7. Further, the letter contained multiple inconsistencies regarding the writing requirement of the consumer pursuant to § 1692g(a)(3), (4), and (5). *Id.* ¶¶ 35-36.

8. The acts as stated above were in violation of 15 U.S.C. §§ 1692d, 1692e, 1692f and 1692g.

## Conclusions of Law

9. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, 1337(a) and 1367.

10. Venue is proper in this Court because the acts and transactions occurred here and the Defendant transacts business here.

11. The Defaulted Defendant, Bell Global Services, LLC, is a debt collector as defined by 15 U.S.C. § 1692(a)(6).

12. The Plaintiff, Delane Harrison, is a consumer as defined by 15 U.S.C. § 1692(a)(3).

13. The Debt in question, is a consumer debt as defined by 15 U.S.C. § 1692(a)(5).

14. The Defaulted Defendant, Bell Global Services, LLC, actions as stated herein are in violation of 15 U.S.C §§ 1692d, 1692e, 1692f and 1692g.

15. The Defendant's violations of the FDCPA caused Plaintiff to incur actual damages as outlined in the complaint.

16. As a result of the defaulted Defendant, Bell Global Services, LLC's, violation of 15

U.S.C. §§ 1692d, 1692e, 1692f and 1692g, Plaintiff is entitled to statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(2)(A), and actual damages of $1,000.00 pursuant to § 1692k(a)(1).

17.  As a result of The Defaulted Defendant, Bell Global Services, LLC's, violation of the FDCPA, Plaintiff is entitled to reasonable attorney's fees and costs, in the amount of $5,142.45 pursuant to 15 U.S.C. § 1692k(a)(3).

The Court having heard the arguments of counsel, being fully advised of the premises and upon all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

Plaintiff's Motion for Default Judgment against Defendant Bell Global Services, LLC in the amount of $7,142.45 is hereby **GRANTED.**

**JUDGMENT SHALL BE ENTERED ACCORDINGLY.**

Dated: _____     _____
                                          HONORABLE EVELYN PADIN