<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| DELANE HARRISON,<br><br>    Plaintiff,<br><br>    v.<br><br>BELL GLOBAL SERVICES, LLC,<br><br>    Defendant. | No. 24cv10399 (EP) (JRA)<br><br>**MEMORANDUM ORDER** |

**PADIN**, **District Judge.**

Plaintiff Delane Harrison brings several claims for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692–1692p ("FDCPA"), against Defendant Bell Global Services, LLC ("Bell Global").  D.E. 1 ("Complaint" or "Compl.").  Defendant has not answered.  *See* Dkt.  Plaintiff now moves for default judgement pursuant to Federal Rule of Civil Procedure 55(b)(2).  D.E. 15 ("Motion" or "Mot.").  Defendant has not opposed.  *See* Dkt.

The Court decides the Motion without oral argument.  *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b).  For the reasons set forth below, the Court will **DENY** the Motion *without prejudice*.

I.      **BACKGROUND**

        A.      **Factual Background**[1]

Prior to February 26, 2024, Plaintiff incurred a debt with "TJX Credit Card" ("TJX").  Compl. ¶ 21.  TJX contracted with Defendant to collect the debt and Defendant then sent Plaintiff

---

[1] "Where a court enters a default judgment, 'the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'"  *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 (3d Cir. 2005) (quoting *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990)).

notice that it was seeking to collect the debt. *Id.* ¶ 27 (citing Compl., Ex. A (the "Letter")). In the Letter, Defendant stated, in relevant part:

> Bell Global Services LLC is a debt collector. We are attempting to collect a debt you owe to TJX Credit Card. We will use any information you give us to help collect the debt.
>
> . . .
>
> Call or write to us within 30 days to dispute all or part of the debt. If you do not, we will assume that our information is correct.
>
> . . .
>
> If you write to us within 30 days, we must stop collection on any amount you dispute until we send you information that shows you owe the debt. You may use the form below or write to us without the form.

Letter at 1.

According to Plaintiff, the Letter did not make clear whether the thirty-day limit ran from the date stated on the notice or from receipt of the notice. Compl. ¶ 33. Plaintiff alleges she was confused about when the actual deadline was and unsure of how to proceed. *Id.* ¶ 34.

Defendant's Letter further stated:

> UNLESS YOU, THE CONSUMER, WITHIN THIRTY DAYS AFTER RECEIPT OF THIS NOTICE, DISPUTE THE VALIDITY OF THE DEBT, OR ANY PORTION THEREOF, WE WILL ASSUME THE DEBT TO BE VALID. IF YOU THE CONSUMER NOTIFY US WITHIN THE THIRTY DAY VALIDATION PERIOD THAT THE DEBT, OR ANY PORTION THEREOF, IS DISPUTED, WE WILL OBTAIN VERIFICATION OF THE DEBT OR A COPY OF A JUDGMENT AGAINST YOU, CONSUMER, AND A COPY OF SUCH VERIFICATION OR JUDGMENT WILL BE MAILED TO YOU BY OUR OFFICE.

Letter at 2.

Plaintiff alleges that it was confusing for her that the Letter in some places stated that the thirty-day period ran from the date of receipt and in other places that it ran from an unspecified time. Compl. ¶¶ 35–36 (quoting Letter at 2). Because Plaintiff believed the Letter was an attempt to collect inaccurate or improper monies, she did not pay the debt. *Id.* ¶¶ 52–53.

2

Plaintiff alleges that she expended time and money to mitigate the risk of future financial and reputational harm based on dissemination of the debt collection attempt to third parties. *Id.* ¶ 60. Nevertheless, because of Plaintiff's inaction, Defendant reported the outstanding debt, which detrimentally affected Plaintiff's finances and reputation. *Id.* ¶ 61.

### B.    Procedural Background

On November 8, 2024, Plaintiff filed the Complaint.[2] Compl. Defendant was served with summons and the Complaint on December 2, 2024. D.E. 4. After Defendant failed to timely appear and answer the Complaint, Plaintiff moved for a clerk's entry of default.[3] D.E. 6. The Clerk of Court thereafter entered default against Defendant on February 6, 2025. *See* Dkt.

On February 14, 2025, however, Plaintiff filed Defendant's executed waiver of service, extending Defendant's time to answer to March 11, 2025. D.E. 7. However, Defendant still failed to timely answer. Plaintiff thereafter filed this Motion. Mot. To date, Defendant has not appeared.

## II.    LEGAL STANDARD

Courts may enter default against a party that fails to plead or otherwise defend against claims. Fed. R. Civ. P. 55. Although the Court has discretion in granting default judgment, the Third Circuit has emphasized that such discretion is "not without limits" and has repeatedly stated its "preference that cases be disposed of on the merits whenever practicable." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984) (collecting cases).

---

[2] Although this case was filed as a putative class action, no class was ever certified. Plaintiff filed this Motion on behalf of herself only.

[3] Plaintiff erroneously filed a motion for clerk's entry of default when she should have filed a request for clerk's entry of default. D.E. 6. The Clerk of Court made Plaintiff aware of this error but nevertheless entered an entry of default against Defendant. *See* Dkt.

3

Before granting default judgment, the Court must determine whether: (1) it has subject matter jurisdiction over the claims at issue and personal jurisdiction over the defendant; (2) the defendant was properly served; (3) the complaint states a sufficient cause of action; and (4) the plaintiff has proven damages. *Days Inns Worldwide, Inc. v. HH Pramukh, LLC*, No. 15-4318, 2016 WL 7231598, at *1 (D.N.J. Dec. 14, 2016) (citations omitted). The Court must additionally determine the appropriateness of default judgment by considering: (1) prejudice to the plaintiff if the default judgment is denied; (2) whether the defendant has a viable defense; and (3) whether the defendant is culpable for their delay. *Id.* at *2.

By virtue of the Defendant's default, the Court accepts as true all well-pled factual allegations in the Complaint, except for those allegations pertaining to damages, which the Plaintiff must prove. *Comdyne I*, 908 F.2d at 1149.

## III.    ANALYSIS

Although this Court appears to have jurisdiction over the matter and service was proper, Plaintiff nevertheless fails to state a claim for an FDCPA violation. The Court will therefore **DENY** Plaintiff's Motion ***without prejudice***.

### A.    The Court Has Subject Matter Jurisdiction and Personal Jurisdiction

Because Plaintiff's cause of action arises under the FDCPA, the action therefore arises under the laws of the United States, and this Court thus has jurisdiction over the action under 28 U.S.C. § 1331. Furthermore, as set forth in the FDCPA, a plaintiff may pursue a civil cause of action "in any appropriate United States district court without regard to the amount in controversy . . . within one year from the date on which the violation occurs." *Id.* § 1692k(d). Plaintiff filed this action on November 8, 2024, less than one year after Defendant sent Plaintiff the Letter which

4

Plaintiff contends violated the FDCPA.  Thus, the threshold requirements of subject matter jurisdiction are met in this case.

The Court must also have personal jurisdiction over the Defendant to render a valid default judgment.  Courts may exercise general jurisdiction over a defendant with respect to all claims when that defendant is "at home."  *Goodyear Dunlop Tires Ops., S.A. v. Brown*, 564 U.S. 915, 919 (2011).  Because Defendant resides in New Jersey, Compl. ¶ 9, the threshold requirements of personal jurisdiction are also met.

**B.      Service Was Proper**

The Federal Rules of Civil Procedure permit serving a limited liability company by one of two ways: (1) in accordance with the state laws where the district court sits or where service is made or (2) by delivering a copy of the summons and of the complaint to any agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant.  Fed. R. Civ. P. 4(h).

Plaintiff served Defendant with the summons and Complaint by delivering a copy of the summons and Complaint to an authorized agent for Defendant.  *See* D.E. 4.  Plaintiff also separately filed Defendant's executed waiver of service.  D.E. 7.  Service was therefore proper.

**C.      Plaintiff Does Not Allege a Violation of the FDCPA**

The FDCPA protects consumers from abusive debt collection practices.  15 U.S.C. § 1692. To establish a facially plausible claim under the FDCPA, a plaintiff must show: "(1) she is a consumer; (2) the defendant is a debt collector; (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the [FDCPA] defines it; and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt."  *St. Pierre v. Retrieval Masters*

*Creditors Bureau Inc.*, 898 F.3d 351, 358 (3d Cir. 2018) (quoting *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014)).

> 1.    *Plaintiff alleges that she is a consumer*

Plaintiff pleads that she, an individual, was allegedly obligated to pay a debt.  Compl. ¶ 9. Plaintiff was therefore a "consumer" for purposes of the FDCPA.  15 U.S.C. § 1692a(3); 12 C.F.R. § 1006.2(e).

> 2.    *Plaintiff alleges that Defendant is a debt collector and attempted to collect a debt*

Plaintiff challenges Defendant's attempt to collect a debt.   Compl. ¶¶ 9–10, 21–25. Plaintiff thus adequately alleges the Defendant is a "debt collector" as defined by 15 U.S.C. § 1692(a)(6) and 12 C.F.R. § 1006.2(i)(1).  The first three elements of pleading an FDCPA claim are therefore satisfied.

> 3.    *Plaintiff does not adequately allege a violation of any FDCPA provision*

Plaintiff claims that Defendant violated §§ 1692d, 1692e, 1692g, and 1692f.  For the reasons described below, Plaintiff fails to identify any conduct that states a claim for a violation of any stated FDCPA provision and therefore fails to satisfy the fourth prong of pleading an FDCPA violation.

> a.    Plaintiff does not adequately allege a violation of 15 U.S.C. § 1692d

Pursuant to 15 U.S.C. § 1692d, debtors are prohibited from certain conduct that is intended to be harassing or abusive such as; using or threatening to use violence, using obscene or profane language, making a debtor's status public by publishing a list of consumers who refuse to pay debts, or advertising the sale of debt to coerce payment thereof, and calling a consumer repeatedly

6

with the intent to annoy, abuse, or harass. *Devoe v. Frontline Asset Strategies, LLC*, No. 23-10069, 2024 WL 2045642 at *7 (D.N.J. May 7, 2024).

Plaintiff asserts that Defendant violated § 1692d by:  (1) failing to clearly state the validation period; (2) failing to specify that Plaintiff must dispute the debt in writing pursuant to § 1692g(a)(4); (3) failing to state the Plaintiff must submit request for information about original creditor in writing; and (4) including multiple ambiguities and inconsistencies within the Letter. Compl. ¶¶ 66–70.

The conduct described in Plaintiff's Complaint, however, does not rise to the level of a § 1692d violation.  There are no allegations of: Defendant using or threatening to use violence, obscene or profane language; Defendant publishing that Plaintiff refused to pay debts; Defendant advertising for sale of any debt to coerce payment; or any repeated telephone calls with or without meaningful disclosure of the caller's identity.  *See Greene v. Firstsource Advantage LLC*, No. 24-5424, 2024 WL 2923579, at *2 (D.N.J. June 4, 2024).  Plaintiff merely claims that the Letter was not as clear as it could have been but that is not harassment or abuse.  *See id.*  Plaintiff therefore fails to plead facts suggesting that Defendant intended to send her harassing or abusive communications.  Therefore, Plaintiff does not adequately allege a violation of § 1692d.

   b.  <u>Plaintiff does not adequately allege a violation of 15 U.S.C. § 1692e</u>

Pursuant to 15 U.S.C. § 1692e, "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

Plaintiff makes two arguments.  *First*, Plaintiff asserts that Defendant violated § 1692e because the Letter falsely represented the true character and/or legal status of the debt in violation of § 1692e(2)(A) but Plaintiff does not state in her Complaint how.  Compl. ¶¶ 71–75.  The FDCPA's purpose of protecting consumers "is best served by a definition of 'deceive' that looks

to the tendency of language to mislead the least sophisticated recipients of a debt collector's [communications]." *Jensen v. Pressler & Pressler*, 791 F.3d 413, 420 (3d Cir. 2015) (quoting *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1175 (11th Cir. 1985)).  A communication will be found deceptive if, under the least sophisticated debtor standard, the communication "can be reasonably read to have two different meanings, one of which is inaccurate." *Jensen*, 791 F.3d at 420.  The debt collection communication should be considered within the context of the communication as a whole. *Tatis v. Allied Interstate, LLC*, 882 F.3d 422, 430 (3d Cir. 2018); *see Caprio v. Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142, 149 (3d Cir. 2013) (finding "even the 'least sophisticated debtor' is expected to read any notice in its entirety" (quoting *Lesher v. Law Offices of Mitchell N. Kay, PC*, 650 F.3d 993, 997 (3d Cir. 2011))).

Here, Plaintiff fails to explain what about the debt's nature was deceptive.  Plaintiff's allegation is therefore conclusory and inadequate. *See Coulter v. I.Q. Data*, No. 24-6794, 2026 WL 280460, at *4 (D.N.J. Feb. 3, 2026) (finding the mere allegation that "Defendant 'falsely represented the amount, character, and legal status of the debt' because the documents provided 'inaccurate information and do not reflect the true nature of the alleged debt' [was] insufficient to state a claim" (quoting that plaintiff's complaint)).

*Second*, Plaintiff argues Defendant made false and misleading representations/omissions in violation of § 1692e(10).  Specifically, Plaintiff asserts Defendant's statement "Call or write to us within 30 days to dispute all or part of the debt" on the first page of the Letter was ambiguous, misleading, and confusing as it could be interpreted as 30 days from the date stated on the notice or 30 days from receipt of the notice.  Compl. ¶¶ 71–75.  Plaintiff also asserts that Defendant's statement on the second page of the Letter that Plaintiff must dispute the validity of the debt

"WITHIN THIRTY DAYS AFTER RECEIPT OF THIS NOTICE" was inconsistent with Defendant's earlier statement. *Id.*

Taking the Letter as a whole, the Court finds no inconsistency. Even the least sophisticated debtor "is expected to read any notice in its entirety." *Caprio*, 709 F.3d at 149. Here, the Letter explains that a consumer must either call or write to dispute a debt within thirty days and the second page explains that the thirty days runs from the date of receipt. The second page is not "inconsistent" with the first, it merely provides further detail. The Court therefore disagrees that the Letter could "reasonably be read to have two different meanings" with respect to when the thirty days begins to run. *Jensen*, 791 F.3d a 420. Plaintiff does not, therefore, adequately plead a violation of 15 U.S.C. § 1692e.

> c.   <u>Plaintiff does not adequately allege a violation of 15 U.S.C. § 1692g</u>

Pursuant to 15 U.S.C. § 1692g(a), "a debt collector shall . . . send the consumer a written notice containing . . . a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid." § 1692g(a) permits debtors to dispute a debt orally or in writing. *Riccio v. Sentry Credit, Inc.*, 954 F.3d 582, 587 (3d Cir. 2020) (overruling prior cases that held that writing was the only viable means of disputing a debt).

Plaintiff asserts that Defendant violated § 1692g(a) by (1) failing to clearly state the validation period; (2) stating multiple inconsistencies between the first and second page of the Letter; and (3) failing to effectively convey that the dispute must be in writing on the second page of the Letter.[4] Compl. ¶¶ 81–86. But the Third Circuit no longer requires that a dispute raised

---

[4] Plaintiff's first and second arguments are substantially the same allegations as those she advances with respect to 15 U.S.C. § 1692e. *See supra* Section III.C.1–2. Because the Court already found

under the FDCPA be in writing.  *See Riccio*, 954 F.3d at 587.  And Defendant's Letter explicitly states that Plaintiff could either "[c]all or write to us within 30 days to dispute all or part of the debt."  Compl. ¶ 33 (citing Letter at 2).  Defendant therefore effectively conveyed viable means for Plaintiff to dispute the debt.  Plaintiff therefore fails to allege a violation § 1692g.

        d.        <u>Plaintiff does not adequately allege a violation of 15 U.S.C. § 1692f</u>

Pursuant to 15 U.S.C. § 1692f, "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

15 U.S.C. § 1692f is "a catch-all provision for conduct that is unfair but is not specifically identified in any other section of the FDCPA."  *Rush v. Portfolio Recovery Assocs. LLC*, 977 F. Supp. 2d 414, 432 (D.N.J. 2013) (citing *Williams v. Zucker, Goldbery & Ackerman, LLC*, No. 09-6177, 2011 WL 843943, at *1 n.1 (D.N.J. Mar. 8, 2011)).  However, the provision is not "the basis of a separate claim for complained of conduct that is already explicitly addressed by other sections of the FDCPA."  *Id.* at 432 (citing *Turner v. Pro. Recovery Servs., Inc.*, 856 F. Supp. 2d 573, 577 (D.N.J. 2013)).  As a result, courts "routinely dismiss § 1692f claims when a plaintiff 'does not identify any misconduct beyond that which he asserts violates other provisions of the FDCPA.'"  *Id.* (quoting *Christ v. EOS CCA*, 905 F. Supp. 2d 648, 656 (E.D. Pa. 2012)).

Plaintiff asserts that Defendant violated § 1692f by failing to clearly state the validation period and stating multiple inconsistencies within the Letter.  Compl. ¶¶ 76–80.  Plaintiff alleges Defendant violated the FDCPA's specific provisions based upon the same conduct.  *See supra* Sections III.C.1–3.  Plaintiff's claim therefore fails because she does not identify an independent

---

that the Letter was not misleading or inconsistent based on the statements identified by Plaintiff, the Court only considers Plaintiff's third argument here to avoid duplicative analysis.

basis to support it.[5]  *Macall v. First Montgomery Grp.*, No. 24-557, 2025 WL 2985309, at \*7 (D.N.J. Oct. 23, 2025) (dismissing § 1692f claims that were derivative of other FDCPA claims).

## IV.    CONCLUSION AND ORDER

Having determined that Plaintiff states no valid cause of action against Defendant, the Court will **DENY** Plaintiff's Motion *without prejudice*.  Accordingly,

**IT IS**, on this 27th day of February 2026,

**ORDERED** that Plaintiff's Motion, D.E. 15, is **DENIED** *without prejudice*; and it is further

**ORDERED** that to the extent Plaintiff can cure the deficiencies identified in this Memorandum Order, Plaintiff may refile a renewed Motion for Default Judgment within thirty days of this Order.


Dated:  February 27, 2026

_____
Evelyn Padin, U.S.D.J.

---

[5] Plaintiff alleges that Defendant violated § 1692d "[b]y failing to clearly state the validation period" and by including "the multiple ambiguities and inconsistencies contained within the Letter." Compl. ¶ 69.  Plaintiff similarly alleges that Defendant violated § 1692g(a) by "failing to clearly state the validation period by omitting that the 30-day period for plaintiff to dispute the debt is from the receipt of notice" and "stating multiple inconsistencies between page 1 and page 2 of the Letter misleading and confusing the Plaintiff." Finally, Plaintiff also alleges that Defendant violated § 1692e(10) by making "false and misleading representation/omissions."  Plaintiff's § 1692f claim is therefore premised upon the same grounds as her other unsuccessful claims.